IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

NATHANIEL WALDEN                                                                           PETITIONER

VS.                                                                    CIVIL ACTION NO. 3:21cv303-DPJ-FKB

BURL CAIN                                                                                    RESPONDENT

## REPORT AND RECOMMENDATION

Nathaniel Walden is a state prisoner who seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondents have filed a motion to dismiss the petition as untimely [12], to which Walden has failed to respond. The undersigned recommends that the motion be granted and the petition dismissed with prejudice.

Walden was tried and convicted in October of 2006 in the Circuit Court of Holmes County, Mississippi, of murder (Count I) and shooting into an occupied dwelling (Count II). He was sentenced life on Count I and ten years on Count II. The Mississippi Court of Appeals affirmed Walden's conviction and sentence on July 29, 2008. *Walden v. State*, 29 So.3d 17 (Miss. Ct. App. 2008). His petition for certiorari to the Mississippi Supreme Court was denied on March 4, 2010. He filed no petition for writ of certiorari to the United States Supreme Court. Walden's § 2254 petition was filed on April 13, 2021.

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitation for petitions for writs of habeas corpus under § 2254:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).  Because Walden did not petition the United States Supreme Court for a writ of certiorari, his judgment became final when his 90-day period for doing so expired, *i.e.*, on June 2, 2010 (90 days after denial of the petition for certiorari to the state supreme court).  See *Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003) ("[A] state prisoner's conviction becomes final for purposes of § 2244 ninety days after the judgment is entered, when the time to file a petition for writ of certiorari with the Supreme Court has expired.")  Walden had one year from that date, or until June 2, 2011, in which to file for federal habeas relief, subject to tolling under § 2244(d)(2) for any period during which a properly-filed motion for post-conviction relief was pending in the state court.  Walden filed no motion for post-conviction relief on or before June 2, 2011.[1]  Thus, his one year expired on that day, and his federal petition, filed on April 13, 2021, is untimely.

---

[1] Walden subsequently filed four petitions for post-conviction relief in the state courts, the earliest having been filed on July 5, 2011.  All were denied.  Because Walden's time period for filing a federal petition had already expired, the pendency of these state proceedings had no effect on the limitations period for his federal petition.

2

Furthermore, Walden has not shown that he is entitled to the benefits of equitable tolling, which requires a petitioner to show that in spite of diligent pursuit of his rights, some extraordinary circumstance prevented him from timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). The only potential argument Walden has made in this regard is his statement in the petition that the time bar should not apply to him because he is claiming that he was convicted while mentally incompetent. The Fifth Circuit has stated that in order to avail himself of equitable tolling on the basis of mental incompetence, a petitioner must make a threshold showing of incompetence and that it affected his ability to timely file a habeas petition. *Jones v. Stephens*, 541 Fed. App'x 499, 505 (5th Cir. 2013). Walden has submitted no evidence of any mental incompetency nor any evidence that his mental condition prevented him from filing his habeas petition within the statutory period. Furthermore, the record indicates that Walden was able to file a state court petition one month after his one-year federal limitations period expired. [12-3]. Walden has failed to make a showing of extraordinary circumstances warranting equitable tolling.

Accordingly, it is recommended that the motion to dismiss be granted and the petition be dismissed with prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R.

Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

    Respectfully submitted, this the 10th day of November, 2021.

                                                  s/ F. Keith Ball  
                                                  United States Magistrate Judge