UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

NATHANIEL WALDEN[1]                                         PETITIONER

V.                                    CIVIL ACTION NO. 3:21-CV-303-DPJ-FKB

BURL CAIN                                         RESPONDENT

ORDER

Petitioner Nathaniel Walden is serving a life term pursuant to his October 2006 conviction in the Circuit Court of Holmes County, Mississippi. R&R [14] at 1. Walden filed this 28 U.S.C. § 2254 petition on April 13, 2021, alleging that he received ineffective assistance of counsel and that he was tried and convicted while mentally incompetent. Pet. [1] at 6–8, 10. Respondent Burl Cain filed a Motion to Dismiss [12], arguing that the habeas petition was untimely; Walden did not respond. The matter is now before the Court on the Report and Recommendation [14] of United States Magistrate Judge F. Keith Ball, who recommends the case be dismissed.

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes, subject to statutory and equitable tolling, a one-year statute-of-limitations period for writs of habeas corpus under § 2254. 28 U.S.C. § 2244(d); *Holland v. Florida*, 560 U.S. 631, 649 (2010). That period is generally triggered when the state-court decision becomes "final." § 2244(d)(1)(A); *see* Mot. [12] at 2–3. On direct appeal, Walden's sentence was upheld, and certiorari was denied by the Mississippi Supreme Court on March 4, 2010. *Walden v. Mississippi*, 29 So. 3d 17 (Miss. Ct. App. 2008), *cert. denied* No. 2006-CT-02009-COA (Miss. Mar. 4, 2010). The state-court judgment thus became final on June 2, 2010, when the time to file

---

[1] Walden varying spells his surname as "Walde" and "Walden." *See* Mot. [12] at 1 n.1.

an appeal to the United States Supreme Court elapsed.  *See* 28 U.S.C. § 2101(c); R&R [14] at 2 (citing *Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003)).

Section 2244(d) does provide for statutory tolling: "The time during which a properly filed application for State . . . collateral review . . . is pending shall not be counted toward any period of limitation under this subsection."  § 2244(d)(2).  Walden filed four petitions for post-conviction relief in state court.  Mot. [12] at 4–7.  But the earliest petition was filed July 5, 2011, three days after the one-year limitations period elapsed.  R&R [14] at 2 n.1.  Judge Ball thus found the case ineligible for statutory tolling.

Equitable tolling generally requires a litigant to establish "two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).  Judge Ball reviewed Walden's filings, finding only one potential basis for tolling: Walden's mental illness.  R&R [14] at 3.  Equitable tolling can be justified when the petitioner makes a threshold showing of incompetence and shows that the incompetence contributed to the delay.  *Id.* (citing *Jones v. Stephens*, 541 F. App'x 499, 505 (5th Cir. 2013)).  But Walden submitted no evidence on either of these points.  *Id.*  Further, it is facially implausible that Walden's mental illness could justify the extent of his delay—as Judge Ball noted, Walden was sufficiently competent to file a petition for collateral review in state court on July 1, 2011, yet this federal-court petition was not filed until more than a decade later.  *Id.* (citing Collateral Relief Appl. [12-3]).

The time for objections to Judge Ball's Report and Recommendation has now passed; none have been submitted.  Finding no error, the Court adopts Judge Ball's recommendation.  The Motion to Dismiss [12] is granted.  This cause is dismissed.  A separate judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 29th day of November, 2021.

               s/ *Daniel P. Jordan III*
               CHIEF UNITED STATES DISTRICT JUDGE