UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

NATHANIEL WALDEN[1]                                                                                    PETITIONER

V.                                                              CIVIL ACTION NO. 3:21-CV-303-DPJ-FKB

BURL CAIN                                                                                              RESPONDENT

ORDER

On December 6, 2021, the Court received Petitioner Nathaniel Walden's Objection [18] to a November 10, 2021 Report and Recommendation [14] by United States Magistrate Judge F. Keith Ball.  By that point, the Court had already adopted the R&R, having entered an Order [15] and Judgment [16] dismissing Walden's case on November 29, 2021.  Then, on December 13, Walden filed a "Motion to Show Cause" [19] asking the Court to consider his Objection to the R&R and arguing that it was timely filed.  Even assuming Walden filed the Objection within the allotted time, it would not change the result.

I.      Factual and Procedural Background

Walden is serving a life term following an October 11, 2006 conviction in the Circuit Court of Holmes County, Mississippi.  R&R [14] at 1.  He filed this 28 U.S.C. § 2254 petition on April 13, 2021, alleging that he received ineffective assistance of counsel and that he was tried and convicted while mentally incompetent.  Pet. [1] at 6–8, 10.  Respondent Burl Cain filed a Motion to Dismiss [12], arguing that the habeas petition was untimely; Walden did not respond.

Judge Ball found that Walden's petition was, in fact, barred by the statute of limitations, and this Court agreed.  As summarized in this Court's Order,

> The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes, subject to statutory and equitable tolling, a one-year statute-of-limitations period for writs of habeas corpus under § 2254.  28 U.S.C. § 2244(d);

---

[1] Walden varyingly spells his surname as "Walde" and "Walden."  See Mot. [12] at 1 n.1

1

> *Holland v. Florida*, 560 U.S. 631, 649 (2010).  That period is generally triggered when the state-court decision becomes "final."  § 2244(d)(1)(A); *see* Mot. [12] at 2–3.  On direct appeal [from his criminal trial], Walden's sentence was upheld, and certiorari was denied by the Mississippi Supreme Court on March 4, 2010.  *Walden v. Mississippi*, 29 So. 3d 17 (Miss. Ct. App. 2008), *cert. denied*, No. 2006-CT-02009-COA (Miss. Mar. 4, 2010).  The state-court judgment thus became final on June 2, 2010, when the time to file an appeal to the United States Supreme Court elapsed.  *See* 28 U.S.C. § 2101(c); R&R [14] at 2 (citing *Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003)).

Order [15] at 1–2.  Judge Ball found, and the Court again agreed, that neither statutory nor equitable tolling applied to this case.  *See id.* at 2.  Thus, Walden's petition, filed on April 13, 2021, was untimely by more than a decade.

II.     Analysis

"Pleadings must be construed so as to do justice."  Fed. R. Civ. P. 8(e).  This is especially true of pro se pleadings, which "must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  Here, Walden says the Court mistakenly entered judgment before receiving his timely filed Objection.  *See* Mot. [19].  But it is not clear his Objection was filed within the time allowed.  *See Walker v. Savers*, 583 F. App'x 474, 475 (5th Cir. 2014) (per curiam) ("[The plaintiff] had fourteen days to file [objections] after entry of the magistrate judge's report and recommendation.").  *But see Binion v. U.S. Bank*, 699 F. App'x 412, 413 (5th Cir. 2017) (per curiam) ("[T]he party is entitled to file objections within 14 days after receiving a copy of the magistrate judge's recommendation.").

Regardless, the objection is not persuasive and would not alter the result.  Walden states that, on November 20, 2007, his trial attorney, Jim Davis Hull, was named in a 19-count indictment resulting in a guilty plea as to one count under 18 U.S.C. § 1035—concerning false statements relating to health-care matters—and dismissed the remaining counts.  *See United*

2

*States v. Hull*, No. 3:07-CR-165-LG-RHW-2, Docket No. 59 (S.D. Miss. July 2, 2009); *id.* Docket No. 55 (S.D. Miss. June 16, 2009).  The criminal conduct forming the basis of Hull's § 1035 conviction ended on June 28, 2004, and his judgment was entered in 2009.

Walden presents no argument linking any of this to Hull's representation at trial. Moreover, as Respondent notes, this supposed "newly discovered evidence" is, in fact, not so new:  "Walden asserted claims of ineffective assistance of counsel based on this exact information . . . in his 2011 post-conviction motion filed in Mississippi Supreme Court."  Resp. [20] at 3 (citing Mot. [12] Ex. 2 at 4).  Thus, the information regarding Walden's trial attorney does not explain Walden's sizable delay in seeking habeas relief under § 2254.

III.   Conclusion

For these reasons, Walden's Motion [19] is denied.

**SO ORDERED AND ADJUDGED** this the 15th day of December, 2021.

> s/ *Daniel P. Jordan III*
> CHIEF UNITED STATES DISTRICT JUDGE

3